IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**STEPHEN P. CURTIS, et. al.**   Case No. 1:20-CV-00748

    **Plaintiffs**

v.

**MAGGIE TOULOUSE OLIVER**

    **Defendant**

### PLAINTIFFS' REPLY IN SUPPORT OF THEIR EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION WITH VERIFIED COMPLAINT IN SUPPORT

    Plaintiffs, by and through Counsel, submit this Reply in support of their Motion for a Preliminary Injunction and/or a Temporary Restraining Order.

    Defendant begins her Response [RE#10] by arguing that this case is about New Mexico's recount law.  It is not.  This case is about the failure of New Mexico officials to appropriately count the absentee and write-in ballots for Mr. Curtis.  "[The] right to have one's vote counted" is of the same importance as "the right to put a ballot in a box." *United States v. Mosley*, 238 U.S. 383, 386 (1915).  *See United States v. Classic*, 313 U.S. 299 (1941); *Swafford v. Templeton*, 185 U.S. 487 (1902); *Wiley v. Sinkler*, 179 U.S. 58 (1900); *Ex parte Yarbrough*, 110 U.S. 651 (1884). *The right to vote is protected against the diluting effect of ballot-box stuffing*. United States v. Saylor, 322 U.S. 385 (1944); *Ex parte Siebold*, 100 U.S. 371 (1880).

    "The conception of political equality from the Declaration of Independence, to Lincoln's Gettysburg Address, to the Fifteenth, Seventeenth, and Nineteenth Amendments can mean only one thing -- one person, one vote." *Gray v. Sanders*, 372 U.S., at 379, 381 (1963).  In Gray, the Court emphasized that the right at issue belongs to "all qualified voters" and includes the right to have one's vote "counted once" and protected against dilution. *Id.* at 380.

1

As the Supreme Court held in *Reynolds v. Sims*, 377 U.S. 533, 554-555 (1964), "[u]ndeniably the Constitution of the United States protects the right of all qualified citizens to vote, in state as well as in federal elections." Thus, "all qualified voters have a constitutionally protected right to vote … and to have their votes counted." Citing *Mosley*, 238 U.S. 383. In *Mosley* the Court stated that it is "as equally unquestionable that the right to have one's vote counted is as open to protection . . . as the right to put a ballot in a box." *Id.*

As the Court stated in *Classic*, 313 U.S. 299, 315, "[o]bviously included within the right to choose, secured by the Constitution, is the right of qualified voters within a state to cast their ballots and have them counted . . . ."

That Mr. Curtis and others attempted to vindicate the right to have votes counted, through the recount procedure, is actually of little moment. The point here is that what is at issue is the right to vote and have it counted in the first place.

Defendant also argues throughout her brief that Plaintiffs should have somehow vindicated their federal constitutional rights through one of the state processes (nevermind that these procedures are actually unavailable under these facts). However, she cites no case law for these arguments, probably because the federal case law is clear that Plaintiffs need not do so. The Supreme Court has held that the section 1983 remedy is an "independent federal remedy." *Bd. of Regents of the Univ. of the State of New York v. Tomanio*, 446 U.S. 478, 490 (1980). In *Tomanio*, the Court went on to say "[t]his court has not interpreted § 1983 to require a litigant to pursue state judicial remedies prior to commencing an action under this section." *Id.* at 491. The Court also stated that "it is no answer that the State has a law which if enforced would give relief. The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked." *Id.* Thus, the Supreme Court treats section

1983 actions wholly separate and apart from any relief that could be had under a state law scheme.

Building on the recognized independent nature of 42 U.S.C. 1983 claims, the Supreme Court specifically addressed the subject of exhaustion in section 1983 actions and held that "exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983." *Patsy v. Bd. of Regents of the State of Florida*, 457 U.S. 496, 516 (1982); *see also Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 519 (10th Cir. 1998) (stating that "[i]t is beyond dispute that a plaintiff need not exhaust state administrative remedies before filing suit in federal court under § 1983").

Defendant also argues that Plaintiffs lack standing.  A plaintiff seeking to invoke the jurisdiction of the federal courts "must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). "The irreducible constitutional minimum of standing contains three requirements[:] . . . injury in fact, causation, and redressability." *Steel Co. v. Citizens For a Better Env't*, 523 U.S. 83, 102-03 (1998). "[I]njury in fact [is] a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical." *Steel Co.*, 523 U.S. at 103 (citation and quotation marks omitted). Causation is "a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant." *Id.* Redressability is "a likelihood that the requested relief will redress the alleged injury." *Id.*  Plaintiffs have standing to raise their claims herein and the relief requested will redress their injuries.  *Hunter v. Hamilton County Bd. of Elections*, 850 F. Supp. 2d 795 (SDOH 2012).

Defendant next argues that she has Eleventh Amendment immunity, but that is not so: Plaintiffs seek prospective declaratory and injunctive relief, and the claims and relief at issue are

3

covered by *Ex Parte Young*, 209 U.S. 123 (1908); *Hunter*, 850 F. Supp. 2d 795 (finding *Ex Parte Young* exception applied to a similar scenario: constitutional violations due to failure to count votes); *League of Women Voters v. Brunner*, 548 F.3d 463 (6th Cir. 2008) (looking to remedy past violations of the right to vote is prospective relief if prospective injunction is sought to remedy these violations); *Gallagher v. N.Y. State Bd. of Elections*, 2020 U.S. Dist. LEXIS 138219 (SDNY 2020) (same; recent case involving similar facts and the failure to count ballots, finding *Ex Parte Young* applied and constitutional violation).

Incidentally, *Hunter*, 850 F. Supp. 2d 795, and *Gallagher*, 2020 U.S. Dist. LEXIS 138219, both involve similar claims to those brought herein, and involve some of the same facts: the failure to count valid votes. In both cases, the Courts awarded relief, due to the failure to properly count votes. The same analysis undertaken by those Courts, and the ordered relief should follow here.[1]

Defendant next contends that the injunction factors other than success on the merits warrant the denial of relief. That ignores applicable case law. On the second prong, irreparable injury, "[m]ost courts consider the infringement of a constitutional right enough and require no further showing of irreparable injury." *Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 805 (10th Cir. 2019), *see, also, Elrod v. Burns*, 427 U.S. 347, 373-74, 96 S. Ct. 2673, 49 L. Ed. 2d 547 (1976). "Any deprivation of any constitutional right fits that bill." *Free the Nipple-Fort Collins*, 16 F.3d 792, 806.

---

[1] We have issued subpoenas to the Clerks for Bernalillo, Sandoval, and Dona Ana Counties to testify this coming Monday. We have also subpoenaed from them copies of the Libertarian ballots and tally sheets for these counties. We anticipate that this evidence will conclusively show the undercounts. It may also change the sought-after relief: if the required 26 vote difference is demonstrated (as we expect it will be), this Court can merely order that Mr. Curtis to be placed on the general election ballot, obviating the need for a recount.

As for the third prong, the weighing of harms, "[w]hen a constitutional right hangs in the balance, though, 'even a temporary loss' usually trumps any harm to the defendant." *Id.*

Further, as to the last factor, the Government "has no interest in keeping an unconstitutional law on the books." *Id.* And, as to the last factor, it is "always in the public interest to prevent the violation of a party's constitutional rights." *Id.* at 807.

**CONCLUSION**

A preliminary injunction and/or temporary restraining order should be ordered.

Respectfully Submitted,

/s/Stephen P. Curtis_____
Stephen P. Curtis (CAID 78/162)
6747 Academy Road, NE, Suite D
Albuquerque, NM 87109
505-884-9999
abqcurtis@gmail.com


/s/Christopher Wiest_____
Christopher Wiest (KBA 90725)
25 Town Center Blvd, STE 104
Crestview Hills, KY 41017
513-257-1895 (v)
chris@cwiestlaw.com
*Pro Hac Vice*
*Attorneys for Plaintiffs*


**CERTIFICATE OF SERVICE**

I certify that I have served a copy of the foregoing upon the Defendant, and the New Mexico Attorney General, this 12 day of August, 2020, via filing the foregoing in the Court's CM/ECF System this same date, which will provide notice to all counsel of record.

/s/Christopher Wiest_____
Christopher Wiest (KBA 90725)