IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEPHEN P. CURTIS, et. al.                Case No. 1:20-CV-00748

    **Plaintiffs**

v.

MAGGIE TOULOUSE OLIVER

    **Defendant**

## PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTIONS TO QUASH AND CROSS MOTION TO COMPEL

Plaintiffs, by and through Counsel, submit this Response in Opposition to the Motions to Quash [RE#16, RE#17] filed by the Sandoval County and Dona Ana County Clerks (to the extent the Bernalillo County Clerk files a similar motion, Plaintiffs oppose that for the same reasons), and further move for an Order compelling production with the subpoenas pursuant to FRCP 45(d)(2)(B)(i) and FRCP 37.

1. **Background**

Plaintiffs brought this action to vindicate the federal constitutional right to vote: namely, evidence existed that write-in votes for Stephen Curtis, the Libertarian nominee for Court of Appeals were not counted.  [RE#1].  This is a federal lawsuit, brought under federal law: 42 U.S.C. 1983.  *Id.*

Evidence and testimony from the Temporary Restraining Order hearing already reveals that the Los Alamos County Clerk failed to count these ballots in the first instance (additional work was required to segregate these ballots and then upload them to the state for canvassing purposes), but ultimately that County Clerk corrected the issue prior to the statewide canvass. (Testimony Secretary of State Representative, TRO Hearing).

1

The Secretary of State's office, for its part, contended that it believed that this was a training issue for Los Alamos County, and it did not believe the issue extended past that county. But it never bothered to actually check with the County Clerks and it never bothered to send out a simple email to make sure.

Recognizing that the entire case turns on the failure to count ballots, that six other New Mexico counties reported zero votes for mail-in write in ballots for Mr. Curtis, despite Libertarian ballots having been cast in those elections, raising a serious question of the error extending well beyond Los Alamos County, Plaintiffs issued subpoenas late last week, which were delivered and served Monday and Tuesday August 10 and August 11, to three County Clerks: Bernalillo, Sandoval, and Dona Ana (collectively the "County Clerks").

Those three counties were chosen for a reason: Plaintiffs anticipate that the harm, as it were, was concentrated and likely to be present in those three counties, and, Plaintiffs have several witnesses testifying this coming Monday, who will testify that they cast ballots for Mr. Curtiss, but those ballots were not counted in those counties.

Thus, production of copies of the Libertarian ballots for the 2020 primary in those counties, will conclusively demonstrate that the ballots were not counted, and, consequently, this same evidence will establish both the violations of the United States Constitution, and drive the relief that the Court may wish to award.

The Clerks of Sandoval and Dona Ana Counties now move to quash this very evidence, on the grounds that, they contend, the evidence cannot be produced under state law without a court order, and, they fear, may expose them to criminal liability. [RE#16, RE#17].

Plaintiffs respond simply: this Court can, and should, issue an order compelling compliance with the subpoena, allaying any fears these third parties may have in terms of compliance with state law.

**2. Law and Argument**

Pursuant to FRCP 45 (d)(2)(B)(i), this Court is empowered to issue "an order compelling production or inspection" with the subpoenas at issue.

The County Clerks begin by arguing that a New Mexico statutory scheme is equivalent to a FRCP 45(d)(3)(A)(iii) privilege. They cite no cases for this proposition. Probably because federal cases say exactly the opposite.

"Where a state statute conflicts with or frustrates federal law, the former must give way." *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658 (1993); *EEOC v. City of Orange*, 905 F. Supp. 381 (TXED 1995) (compelling compliance with subpoena in furtherance of federal lawsuit, notwithstanding state statutory privileges that might prevent the government agency from disclosing same); Benacquista v. Spratt, 2017 U.S. Dist. LEXIS 226901 (NDNY 2017) (same).

"It is axiomatic that state privilege laws do not govern in federal question cases." *In re Zyprexa Prods. Liab. Litig.*, 254 F.R.D. 50, 52 (E.D.N.Y. 2008), *citing Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 925-26 (7th Cir. 2004); *Von Bulow v. Von Bulow*, 811 F.2d 136, 141 (2d Cir. 1987).

Because only federal claims have been asserted, the privilege that the County Clerks can assert is solely that set forth in FRE 501, not the cited statutes by Defendants. *Sprague v. Thorn Ams.*, 129 F.3d 1355, 1368-1369 (10th Cir. 1997). They cite no cases that might suggest any federal privilege (because there is none). Thus, it is clear that the subpoenas should be enforced.

3

3. Conclusion

Pursuant to FRCP 45 (d)(2)(B)(i), this Court should issue "an order compelling production or inspection" with the subpoenas at issue, i.e. production of the Libertarian ballots for the 2020 primaries for the respective counties. The issuance of that order should obviate any concerns by the County Clerks in terms of state law compliance.

                                              Respectfully Submitted,

                                              /s/Stephen P. Curtis_____
Stephen P. Curtis (CAID 78/162)
6747 Academy Road, NE, Suite D
Albuquerque, NM 87109
505-884-9999
abqcurtis@gmail.com


/s/Christopher Wiest_____
Christopher Wiest (KBA 90725)
25 Town Center Blvd, STE 104
Crestview Hills, KY 41017
513-257-1895 (v)
chris@cwiestlaw.com
*Pro Hac Vice*
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I certify that I have served a copy of the foregoing upon the Defendant, and the Counsel for the County Clerks, this 13 day of August, 2020, via filing the foregoing in the Court's CM/ECF System this same date and by email to Counsel for the County Clerks, which will provide notice to all counsel of record.

                                              /s/Christopher Wiest_____
Christopher Wiest (KBA 90725)