IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRIC OF NEW MEXICO

STEPHEN P. CURTIS,
LIBERTATIAN PARTY OF NEW MEXICO,
CHRIS LUCHINI
and
RANOTA Q. BANKS,

    Plaintiffs,                                                 1:20-CV-0078-JB-JHR

v.

MAGGIE TOULOUSE OLIVER,
in her official capacity as Secretary of State of New Mexico.

## SECRETARY OF STATE'S RESPONSE TO VARIOUS MOTIONS TO QUASH A PORTION OF SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION

Defendant, Maggie Toulouse Oliver, by and through Dylan K. Lange, hereby requests that this Court quash, in part, the subpoena dated August 7, 2020 to produce certain documents on or before August 14, 2020 at 5:00 p.m..

After receiving the produced records by Doña Ana County we believe the produced records except the "Certificate of Canvass_BOCC-Primary 2020" are absolutely protected under state law and are not to be disclosed to the general public for it would violate the sanctity of the ballot. As such, the SOS moves for the production of those documents be protected for their production in this manner, is improper and would unveil the ballots and votes per precinct contrary to law and the New Mexico Constitution.

## AUTHORITY TO QUASH A SUBPOENA

A court may quash or modify a subpoena pursuant to rule 45(d). *See Clower v. GEICO Ins.,* No. CIV 12–0472 JB/WDS, 2013 WL 1897832, at *5 (D.N.M. Apr. 16, 2013)(Browning, J.)(discussing Fed.R.Civ.P. 45(c), which is now Fed.R.Civ.P. 45(d)[18]; *Morales v. E.D. Etnyre & Co.,* 228 F.R.D. 694, 696 (D.N.M.2005)(Browning, J.). Rule 45(d)(3)(A) states that the Court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. "[a]bsent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty." *Trujillo v. Bd. of Educ.,* No. CIV 03–1185 JB/LFG, 2007 WL 2296916, at *1 (D.N.M. June 26, 2007)(quoting *Donahoo v. Ohio Dep't of Youth Servs.,* 211 F.R.D. 303, 306 (N.D.Ohio 2002)). "The exception to this rule is that 'a party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests.'" *Trujillo v. Bd. of Educ.,* 2007 WL 2296916, at *1 (quoting *United States v. Raineri,* 670 F.2d 702, 712 (7th Cir.1982)).

## BALLOTS AND VOTE TOALS BY PRECINCT ARE PROTECTED FROM DISCLOSURE UNDER NEW MEXICO LAW

Article VII, Section 1, of the Constitution of New Mexico calls for "enactment of laws to secure the secrecy and purity of elections." A multitude of statutes in the election code reinforce this significant mandate.

NMSA 1978, Section 1-1-1.1. states:

It is the purpose of the Election Code to secure the secrecy of the ballot, the purity of elections and guard against the abuse of the elective franchise. It is also the purpose of the Election Code to provide for efficient administration and conduct of elections.

NMSA 1978, Section 1-12-70(B) states:

> A. The county clerk shall report to the secretary of state the vote totals in each precinct on election night.
> B. The county clerk shall maintain voting data by precinct that includes the number of voters who voted early in-person, absentee by mail and on Election Day and the number of voters who voted using each type of voting system. The county clerk shall report this data to the secretary of state within sixty days following the election, *and to no other person*. The secretary of state shall then combine the data within a precinct to the extent necessary to protect the secrecy of each voter's ballot in accordance with rules issued by the secretary of state before the data as processed becomes a public record.
> (emphasis added)

1.10.33.8 NMAC states:

> A. The secretary of state shall notify the county clerks to report the results on election night as a total vote for each candidate or question by precinct, and not by the method voters have cast their ballots.
>
> B. Following completion of the county canvass, the county clerks shall report to the secretary of state the voting data by precinct as required by Section 1-12-70, NMSA 1978. This data is not a public record and shall not be released to any other person.
>
> C. The secretary of state shall compile the voting data by precinct, as follows:
>
> (1) in any precinct where fewer than 5 voters voted on election day, or by absentee ballot or as early voters, the total votes in that precinct shall be reported as a single total, and not by the type of method by which voters cast their ballot;
>
> (2) in any precinct not described in Paragraph (1) of this subsection, the voting totals for each precinct may be reported by the type of method by which voters cast their ballot.
>
> D. The secretary of state shall not release the canvass of the election, and it shall not be a public record, until vote totals compromising the secrecy of any individual voter's ballot have been combined in accordance with Subsection C of this section.

The produced documents are broken down by precinct and by method of which the voters cast their ballots and should be protected from public disclosure to protect the secrecy of the ballot as the legislature intended. These are county clerk's notes to help them transmit information to the Secretary of State and show how voters voted in certain precincts even though less than five voters are reported as voting. As such, these documents should be protected from disclosure at this point of the litigation.

## A PROTECTIVE ORDER IS NEEDED

The trial court has discretion to grant a protective order pursuant to rule 26(c) of the Federal Rules of Civil Procedure. *Morales v. E.D. Etnyre & Co.,* 228 F.R.D. 694, 696 (D.N.M.2005)(Browning, J.)(citing *Thomas v. Int'l Bus. Machines,* 48 F.3d 478, 482 (10th Cir.1995)). Rule 26(c) provides that, upon a showing of good cause, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," which order may include forbidding disclosure or discovery. Fed.R.Civ.P. 26(c)(1)(A). *Accord Miller v. Regents of the Univ. of Colo.,* 188 F.3d 518, 1999 WL 506520, at *12 (10th Cir.1999)(unpublished table decision)(reasoning that "[t]he district court is in the best position to weigh these variables and determine the appropriate limits because, unlike an appellate court, the district court has the ability to view firsthand the progression of the case, the litigants, and the impact of discovery on parties and nonparties").

Although rule 26(c) is silent regarding the time within which the movant must file for a protective order, the Tenth Circuit has held that "a motion under [rule] 26(c) for protection ... is timely filed if made before the date set for production." *In re Coordinated*

*Pretrial Proceedings in Petroleum Prods. Antitrust Litig.,* 669 F.2d 620, 622 n. 2 (10th Cir.1982).

Based on the constitutionally required secrecy of the ballot, the Defendant believes a protective order is necessary for both the ballots and all but the "Certificate of Canvass_BOCC-Primary 2020" documents subpoenaed.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests that this court enter an order quashing the portion of the subpoena issued on August 7, 2020.

                                      Respectfully Submitted,

                                      ***By: /s/ Dylan K. Lange***
                                      Dylan K. Lange
                                      General Counsel
                                      Office of the New Mexico
                                      Secretary of State
                                      305 Don Gaspar, Suite 300
                                      Santa Fe, NM 87501
                                      (505) 827–3600
                                      Dylan.Lange@state.nm.us

## CERTIFICATE OF SERVICE

      I certify that on August 14, 2020, I served the foregoing on counsel of record for all parties via the CM/ECF system.

*/s/ Dylan K. Lange*
Dylan Kenneth Lange